**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CHRIS RENN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:19-cv-25 SRW |
| ) | |
| TERI LAWSON, ) | |
| ) | |
| Respondent(s). ) | |

**MEMORANDUM AND SHOW CAUSE ORDER**

This matter is before the Court on the petition of Chris Renn for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, Petitioner is ordered to show cause why the petition should not be dismissed as being barred by 28 U.S.C. § 2254's one-year limitation period.

**I.      BACKGROUND**

After a bench trial in 2013, a judge convicted Petitioner of first-degree statutory sodomy – deviate sexual intercourse with a person less than 14 years old. The Circuit Court of Dunklin County, Missouri sentenced him to twenty years imprisonment. Petitioner appealed his conviction to the Missouri Court of Appeals, Southern District, who affirmed his conviction. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner also filed a petition for writ of habeas corpus in state court, which the state court denied. Petitioner now seeks habeas relief before this Court.

1

**II.      DISCUSSION**

The Court must reconsider whether the petition is timely. When Petitioner filed his petition, the Court issued an order requiring Petitioner to show cause why his petition should not be dismissed as untimely. (ECF No. 6). Petitioner responded asserting that he had filed a state habeas petition which was denied on June 20, 2018; therefore, his federal habeas, filed on February 4, 2019, was timely. (ECF No. 7). The Court found his petition was timely and allowed the matter to proceed. (ECF No. 12). Upon further review, and after considering the arguments presented by the State, the Court believes the petition is untimely and should be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date judgment on the original conviction becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2254(d)(2).

Petitioner's judgment became final on the day his time period for seeking direct review ended. 22 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). The Missouri Supreme Court denied transfer of Petitioner's direct appeal on February 3, 2015. (ECF No. 24-10). Petitioner did not seek review with the United States Supreme Court; thus, his time for seeking direct review ended on May 4, 2015. *See* U.S. Ct. Rule 13(1) (A petitioner has 90 days to file a writ of certiorari). However, Petitioner filed a PCR motion on March 2, 2015. (ECF No. 24-11). His PCR review ended on December 2, 2016, the day the Missouri Court of Appeals'

issued its mandate. (ECF No. 24-15). Petitioner did not seek further review of his PCR motion with the Missouri Supreme Court.

The statute of limitations for Petitioner's federal habeas began running on December 3, 2016, the day after the mandate. Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *see also King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012). Instead of proceeding directly to this Court, Petitioner filed a writ of habeas corpus in state court on June 22, 2017. (ECF No. 24-16). The period from June 22, 2017, until July 20, 2018, when the judgment denying Petitioner's state habeas corpus petition became final, is tolled from the period of limitation. *Polson v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010). *Polson* held the petitioner's state habeas corpus proceedings under Missouri Supreme Court Rule 91 "were 'other collateral review with respect to the pertinent judgment or claim.' Therefore, Polson's federal habeas petition was timely because the statute of limitations was tolled for the time period that Polson's Rule 91 petition was pending in Missouri state court." *Id*. at 875 (quoting 28 U.S.C. § 2244(d)(2)).

This Court's show cause order was issued on February 7, 2019. (ECF No. 6). In response Petitioner noted his state habeas corpus petition was denied June 20, 2018. (ECF No. 7). "It has not been a year yet for the § 2254 Habeas Corpus filings." On July 1, 2019, this Court accepted Petitioner's argument and did not dismiss the case. (ECF No. 12). The State filed its response to the federal petition and argued the petition was untimely because Petitioner failed to take into account the 202 days of the limitation period which ran before Mr. Renn filed the state habeas petition. The State argued Petitioner's error was a "lack of legal knowledge or confusion about the calculation of the limitation period," not equitable tolling. (ECF No. 21 at 10). The State

3

maintained there is no equitable tolling and the petition must be denied as untimely. *Id.* Petitioner filed a reply which simply cited the Court's July 1 Order. (ECF No. 27 at 2).

On further review of the matter, and considering the State's position, it appears the time between the end of the request for post-conviction relief and the filing of the state habeas corpus motion must be counted against the one-year limitation period. *See Polson,* 595 F.3d at 874-75 & n.1 (counting the 174 days after the Court of Appeals mandate and the filing of the state habeas petition); *see also Rogers v. Bowersox*, No. 4:05-cv-2051 DDN, 2008 WL 4790344, at *8-10 (E.D. Mo., Oct. 31, 2008) (counting time before and after the filing of the state habeas petition); *Hill v. Hurley*, No. 4:14-cv-1566 CAS-SPM, 2017 WL 2664313, at *3-4 (E.D. Mo. May 24, 2017) (same).

Thus, the period of limitation for this federal habeas petition began on December 3, 2016, the day after Petitioner's PCR review ended when the Missouri Court of Appeals issued its mandate. The time ran until June 22, 2017, when Petitioner filed his petition for habeas corpus in state court. There were 202 countable days between December 3, 2016, and June 22, 2017. The limitation period was tolled from June 22, 2017, until July 20, 2018. The state habeas petition was denied on June 20, 2018, (ECF No. 24-16), and Missouri Supreme Court Rule 81.05(a) provides a judgment became final thirty days after the entry of judgment, or July 20, 2018. *Hill*, 2017 WL 2664313, at *3-4.

Starting on July 21, 2018, until the Petitioner placed his federal petition into the prison mailing system on January 30, 2019, 194 additional days passed. (ECF No. 1 at 21). Giving Petitioner every possible leniency, 396 days are counted against his 365-day statute of

4

limitation.[1] His petition appears to be untimely. The petition must be dismissed unless Petitioner can establish he is entitled to equitable tolling.

Equitable tolling affords an otherwise time-barred petitioner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). In *Holland v. Florida*, the Supreme Court held equitable tolling applies to 28 U.S.C. § 2244(d). 560 U.S. 631, 649 (2010). A petitioner seeking equitable tolling bears the burden of establishing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Id.* The Eighth Circuit requires the circumstances to be "external to the plaintiff and not attributable to his actions." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The circumstances must also "rise above a 'garden variety claim of excusable neglect.'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citation omitted). To date, Petitioner has provided no evidence of equitable tolling. However, Petitioner appears to have been relying on this Court's July 1 Order. (ECF No. 12).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause, in writing no later than twenty-one days from the date of this Order, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, this action will be dismissed as untimely.

*/s/ Stephen R. Welby*
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**

So Ordered this 30th day of October, 2020.

---

[1] Petitioner filed his petition on February 4, 2019, but he mailed the petition on January 30, 2019. (ECF No. 1 at 21).