UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRIS RENN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )  Case No. 1:19-cv-25 SRW |
| | ) |
| TERI LAWSON, | ) |
| | ) |
|    Respondent(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Chris Renn for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, Petitioner's petition will be dismissed because it is barred by the one-year limitations period.

On October 30, 2020, the Court issued a Memorandum and Show Cause Order in which it found the Petition to be time-barred.[1] Giving Petitioner every possible leniency, the Court counted 396 days against his 365-day statute of limitation. Because the Petition appeared to be untimely, the Court granted Petitioner an additional opportunity to establish he is entitled to equitable tolling. Petitioner filed a response on March 1, 2021, in which he asserted 28 U.S.C. § 2254 is unclear on when direct review ends, he was misinformed by his attorney regarding his time to file a petition, he is untrained in law procedures for filing petitions and briefs, the law library was closed for 35 days due to a malfunctioning transformer, he works 30 hours a week

---

[1] *See* ECF No. 29 for a full explanation of the Court's reasoning.

limiting his access to the law library, and the law library is closed 104 out of 365 days because it is closed on the weekends.

Equitable tolling affords an otherwise time-barred petitioner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). In *Holland v. Florida*, the Supreme Court held equitable tolling applies to 28 U.S.C. § 2244(d). 560 U.S. 631, 649 (2010). A petitioner seeking equitable tolling bears the burden of establishing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Id.* The Eighth Circuit requires the circumstances to be "external to the plaintiff and not attributable to his actions." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The circumstances must also "rise above a 'garden variety claim of excusable neglect.'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citation omitted). Petitioner has not established he is entitled to equitable tolling.

First, Petitioner's unfamiliarity with the law, whether it be on what constitutes direct review, or the procedures of filing a petition and legal briefs, is not a basis for equitable tolling. *See Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Second, Petitioner's allegation that his attorney misinformed him on the time to file a petition does not warrant equitable tolling. Ineffective assistance of counsel generally does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). An attorney's false representation that a habeas petition has been filed may warrant equitable tolling, but here, Petitioner alleges his attorney simply misinformed him on the time to file. *Id*. at 951-52; *see also Greene v. Washington*, 14 Fed. App'x 736, 737 (8th Cir. 2001) (An attorney's mistaken advice regarding the time period for filing a petition does not warrant equitable tolling).

Third, the closure of the law library for 35 days also does not warrant equitable tolling. Closure of the law library for a limited period of time is the type of pre-filing obstacle "faced by many if not most habeas petitioners." *Jihad*, 267 F.3d at 806-07. It does not constitute an extraordinary circumstance. Finally, Petitioner's assertions he has limited access to the law library due to his job also do not establish equitable tolling. *Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (Petitioner's limited access to the law library due to his prison employment does not impact the court's decision that he failed to act with the requisite diligence in filing his petition). Neither does his claim the law library is only open for a limited number of days of the year because it is closed on weekends. *Id*. ("[T]here is 'no freestanding constitutional right to a particular number of hours in the prison law library.'" (quoting *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007)). Petitioner has not established he is entitled to equitable tolling. Therefore, the Court must dismiss his petition because it is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Chris Renn for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED, with prejudice**, as untimely. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 13th day of April, 2021.

                                                  */s/ Stephen R. Welby*
                                                  **STEPHEN R. WELBY**
                                                  **UNITED STATES MAGISTRATE JUDGE**